UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| CONNIE MUNDY and PARIS MUNDY, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:21-cv-00168-CEA-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case has been filed pro se and without payment of fees by Plaintiff Connie Mundy ("Plaintiff"). Pending before the Court is Plaintiff's *in forma pauperis* ("IFP") application [Doc. 2]. Although somewhat confusing, Plaintiff's IFP application indicates she lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, I will recommend that her IFP application be granted on the current record. But, for the reasons set forth below, I must also recommend that Plaintiff's amended complaint [Doc. 12] be dismissed in its entirety.[1]

---

[1] The original complaint was filed in the names of two co-plaintiffs: Plaintiff and Paris Mundy ("Paris"). However, Paris did not sign the original complaint or submit an application to proceed IFP. Accordingly, an Order was entered requiring (1) Paris to submit his own IFP application and (2) requiring an amended complaint signed by both plaintiffs. The Order cautioned that submitting a properly signed amended complaint and IFP application did not guarantee that the claims were viable. In response, Plaintiff filed an amended complaint that no longer identifies Paris as a plaintiff. Paris has not otherwise indicated that he wishes to participate in this lawsuit. Accordingly, because he never signed the original complaint or filed an amended complaint, his claims, if any, are null. *See Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null."). As a result, I will recommend that Paris be terminated as a party to this lawsuit.

I.      STANDARDS

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs seeking IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). Rather, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570.

Moreover, a claim may be dismissed under § 1915(e)(2)(B)(i) if it is "frivolous or malicious." A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 324, 327 (1989). Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 325, 327-28.

In applying these standards, the Court also considers that the pleadings of *pro se* litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

## II. ANALYSIS

Plaintiff's allegations relate to the foreclosure on her home, which took place in 2014 [Doc. 1 at Page ID # 3]. The Federal National Mortgage Association ("Fannie Mae") purchased the property at foreclosure. In her amended complaint, she asserts claims against Bank of America, Fannie Mae, and 100 John Doe defendants. Plaintiff has already litigated the propriety of the foreclosure in state court. The Tennessee Court of Appeals upheld the dismissal of Plaintiff's foreclosure-related counterclaims[2] in an opinion issued on June 25, 2021.[3] The court of appeals affirmed the trial court's finding that "all contractual and statutory requirements to foreclose were fulfilled." *Mundy*, 2021 WL 2627533, at *1. The court further affirmed the trial court's finding that Plaintiff "had no standing to assert violations of either the note or the deed of trust pertaining to the Property." *Id.*

---

[2] The state court lawsuit began as a detainer action filed against Plaintiff by Fannie Mae. *See FNMA v. Mundy*, No. E2020-00825-COA-R3-CV, 2021 WL 2627533, at *1 (Tenn. Ct. App. June 25, 2021). The Tennessee Court of Appeals described Plaintiff's counterclaims in the detainer action as "devoted to establishing that the underlying foreclosure was wrongful." *Id.*

[3] The Court can consider public records in the context of a motion to dismiss. *See Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).

In her amended complaint, Plaintiff attempts to assert a number of claims pursuant to 42 U.S.C. § 1983; 18 U.S.C. § 241 & 242; the Fair Credit Extension Uniformity Act ("FCEUA"); and the Fair Debt Collection Practices Act ("FDCPA"). She also lists claims for unjust enrichment, "Reasonable Reliance; Detrimental Reliance," quiet title, slander of title, "Unconscionable Contract," and negligent and intentional infliction of emotional distress. She seek $4 million in damages, plus a declaration that Bank of America "is not the proper Plaintiff to sue to collect receivables that it has securitized, and by doing so, it and its counsel, the legal defendants, violates Fair Debt Collection Practices Act (FDCPA)," and an injunction prohibiting Bank of America "from suing any class members to collect receivables that Bank of America, N.A., et al has securitized, prosecuting or maintaining such a collection proceeding, and/or otherwise representing to a current or former consumer account holder that it remained the creditor." [Doc. 12 at Page ID # 54].

Plaintiff fails to state a claim for violation of any of the federal statutes. To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a constitutional right was violated, and that the alleged deprivation was caused by a person acting under color of law. Plaintiff has alleged no facts showing that any of the John Doe defendants were acting under color of law. Defendant Bank of America is clearly not a state actor. And courts "have repeatedly held that Fannie Mae is not a governmental entity capable of violating a plaintiff's federal constitutional rights." *Heibel v. FNMA*, No. 1:13-CV-972, 2013 WL 6900679, at *2 (W.D. Mich. Dec. 20, 2013) (collecting cases).

As for Plaintiff's claims under 18 U.S.C. § 241 & 242, these are criminal statutes not applicable in this civil lawsuit. To the extent Plaintiff intended to assert her conspiracy claims under 42 U.S.C. § 1985, the United States Court of Appeals for the Sixth Circuit has held that § 1985(3) "only covers conspiracies against: 1) classes who receive heightened protection under the

4

Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'" *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (quoting *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980)). "A 'class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender.'" *Jezowski v. Thompson*, No. 1:16-cv-13242, 2018 WL 3060250, at *6 (E.D. Mich., May 18, 2018) (quoting *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994)). The conspiracy must be "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]'" *Haverstick*, 32 F.3d at 993-94 (alteration in original) (quoting *Scott*, 463 U.S. at 829).

Moreover, "conspiracy claims must be pled with some degree of specificity[,] and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim." *Curtis v. Breathitt Cnty. Fiscal Court*, No. 18-5180, 2018 WL 6012328, at *4 (6th Cir. Nov. 15, 2018) (alteration in original) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Plaintiff does not properly allege she was the member of a protected class, and she does not properly allege any specific facts about the alleged conspiracy between Bank of America, Fannie Mae, and the 100 John Doe defendants.

The last alleged federal claim is based on the FDCPA. Plaintiff asserts Bank of America and various other entities "violated FDCPA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of the Bank of America, N.A., account obligation," and that all Defendants violated the FDCPA "by falsely representing the character, amount, and/or legal status of the Bank of America, N.A., account obligation," and "by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement . . . ." [Doc. 12 at Page ID # 43]. These claims are most likely barred as a result of the state court action. Even if they are not, I find they are too vaguely described to state a viable

5

claim. Plaintiff mostly recounts statutory language. To the extent she claims that the securitization of the mortgage loan extinguished Bank of America's or Fannie Mae's right to collect on the note [Doc. 12 at Page ID # 32], the undersigned notes such claims have been rejected by courts across the United States. *See Unlu v. Wells Fargo Bank NA*, No. 5:10-CV-5422 EJD, 2011 WL 6141036, at * (N.D. Cal. Dec. 9, 2011) ("To the extent that Plaintiffs' proposed amended complaint would rely on claims regarding the securitization of the loan, via REMIC, into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid." (citations and quotation marks omitted)); *Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698, at *4 (E.D. Mich. May 2, 2012) (holding that "to the extent that plaintiff is attempting to assert a claim based upon the securitization of the mortgage loan, such a claim fails," and citing cases); *Williams v. Wells Fargo Bank N.A., (In re Williams)*, 395 B.R. 33, 47 (S.D. Ohio Sept. 29, 2008) (validity of mortgage not affected by securitization of indebtedness); *Henkels v. J.P. Morgan Chase*, No. CV 11-0299-PHX-JAT, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) ("Plaintiff has cited no authority for the assertion that securitization has had any impact on Plaintiff's obligations under the loan, and district courts in Arizona have rejected similar arguments." (citing cases)); *see also Ross v. Orion Fin. Grp., Inc.*, No. M2018-00991-COA-R3-CV, 2019 WL 1084286, at *7 (Tenn. Ct. App. Mar. 7, 2019) ("Third parties to an assignment [of a deed of trust] generally lack standing to challenge the validity of the assignment.").

The remaining claims are all state law claims. First, Plaintiff attempts to assert a claim for unjust enrichment, based on her assertion that Fannie Mae paid too low of a price for the property at foreclosure [Doc. 12 at Page ID # 41]. This claim fails because unjust enrichment is a quasi-contractual theory which allows a court to "impose a contractual obligation where one does not exist." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). Plaintiff does not articulate any basis for imposing a contractual obligation based on the

6

foreclosure, nor does she allege any facts which would support the imposition of a contractual obligation. This claim should be dismissed.

Plaintiff also attempts to assert a claim pursuant to the FCEUA, identified as 73 P.S. Sections 2270.1-2210.6 [Doc. 12 at Page ID # 41]. This is a Pennsylvania statute, and FCEUA claims can only be brought in Pennsylvania courts. *See* 73 P.S. § 2270.5(b) ("An action to enforce any liability created by this act may be brought in any court of competent jurisdiction in this Commonwealth within two years from the date on which the violation occurs."); *see also Smith v. Liberty Mortg. Co., Inc.*, No. 2:19-cv-3547, 2020 WL 2494459, at *5 (S.D. Ohio May 13, 2020) ("The FCEUA is a Pennsylvania statute barring unfair or deceptive acts or practices regarding the collection of debts. 73 P.S. § 2270.3. However, it is only applicable to Pennsylvania residents.") This claim should be dismissed.

Plaintiff's next state law claim is for "Reasonable Reliance; Detrimental Reliance." [Doc. 12 at Page ID # 44]. Plaintiff contends that "from the inception of this loan [she] was a victim of predatory lending and the Wachovia loan was a loan in which Plaintiff would never be able to repay." [*Id.* at Page ID # 45]. She claims she "detrimentally relied and had reasonable reliance on the servicer to grant them a modification and made numerous attempts [only] to be turned down time and time again for unreasonable reasons." [*Id.*]. The foreclosure took place in 2014, so any misrepresentations or detrimental reliance related to the loan must have occurred prior to that date. Detrimental reliance claims like Plaintiff's have a three-year statute of limitations. *See Precision Tracking Sols., Inc. v. Spireon*, No. 3:12-cv-00626-PLR-CCS, 2014 WL 3058396, at *5-6 (E.D. Tenn. July 7, 2014). Accordingly, this claim is untimely and should be dismissed.

Plaintiff's following two claims are to quiet title and for slander of title [Doc. 12 at Page ID # 48-50]. To pursue a claim to quiet title or for slander of title, a plaintiff must have an interest in the property at issue. *See Paczko v. Suntrust Mortgs., Inc.*, No. M2011-02528-COA-R3-CV,

7

2012 WL 4450896, at *3 (Tenn. Ct. App. Sept. 25, 2012) (citations omitted). After the property was foreclosed on and sold, Plaintiff no longer had an interest in the property. *See id.* ("Plaintiffs have acknowledged that the property was foreclosed upon and sold while this action was pending . . . . Therefore Plaintiffs no longer have any interest in 'the property.'"). And, as discussed above, the Tennessee Court of Appeals affirmed the dismissal of Plaintiff's foreclosure-related counterclaims in the state court case. The trial court specifically held that "all statutory requirements to foreclose on the property" had been observed, as had "all contractual requirements to accelerate the loan and initiate foreclosure proceedings." *Mundy*, 2021 WL 2627533, at *1.

As a result, I find Plaintiff is barred from bringing these new claims to quiet title and for slander of title under the doctrine of res judicata. "The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009).[4]

In Tennessee, a party asserting res judicata must establish the following: (1) a previous action before a court of competent jurisdiction, (2) involving the same parties or their privies, (3) involving the same cause of action, and (4) resulting in a final judgment on the merits. *Id.* (internal quotation marks and citations omitted). *See Davis v. Sovereign Invs., LLC*, No. M2019-01949-COA-R3-CV, 2021 WL 1200085, at *4 (Tenn. Ct. App. Mar. 30, 2021) (citations omitted). Based on the allegations, I find each of these elements is present in the instant case. Elements one, two,

---

[4] "State-court judgments are given the same preclusive effect under the doctrine of res judicata . . . as they would receive in courts of the rendering state." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). "If an individual is precluded from litigating the suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Id.* The Court must "look to the state's law to assess the preclusive effect it would attach to that judgment." *Id.*

8

and four are plainly met. As for element three, Bank of America and the John Does do not appear to have been named as parties to the state court lawsuit, but they are in privity with Fannie Mae on Plaintiff's foreclosure claims. They had an "identity of interests relating to the subject matter of the litigation." *See id.* at *5 (foreclosing bank and purchaser of foreclosed property have identity of interests in action to quiet title).

Plaintiff's next claim is for "Unconscionable Contract." [Doc. 12 at Page ID # 50]. She contends:

> 97. Defendant Bank of America, N.A.. failed to clarify in the terms of the Mortgage loan contract that the Originator on the contract, was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money. BANK OF AMERICA, N.A., . concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit.
>
> 98. Defendants knew or should have known that through a consciousness of innocence Plaintiffs were at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to 7857 Spotted Owl Way, Georgetown, Tn. 37336.
>
> 98. Defendants intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs' superior rights to the subject property.

[*Id.* at Page ID # 51-52].

This claim falls into the "clearly baseless" category. It appears Plaintiff chose vaguely legal and financial sounding words and strung them together randomly, particularly in paragraphs 97 and 98. Assuming these allegations are "true" (to the extent that is even possible), they do not even remotely articulate how the terms of the mortgage loan are so unequal that they "shock the judgment of a person of common sense," or are "so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Taylor*

9

Case 1:21-cv-00168-CEA-SKL   Document 14   Filed 09/16/21   Page 9 of 11   PageID #: 64

*v. Butler*, 142 S.W.3d 277, 285 (Tenn. 2004); *see also Anderson v. Amazon.com, Inc.*, 478 F. Supp. 3d 683 (M.D. Tenn. 2020) (finding Tennessee courts "lump" together procedural and substantive unconscionability). I therefore recommend this claim be dismissed.

Plaintiff's last claim[5] is for "Intentional and Negligent Infliction of Emotional Distress" (hereafter "IIED" and "NIED") [Doc. 12 at Page ID # 52]. She contends:

> 99. . . . . Over the last several years of litigation against Bank of America, N.A., . . . Plaintiff has had to seek medical care for depression due to the pressure this unlawful . . . foreclosure has caused her.
>
> 100. This collection scheme caused the Plaintiff emotional distress. The conduct of Bank of America, N.A., et al was done negligently or intentionally and in disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.

[*Id.* at Page ID # 52].

Plaintiff asserts no facts suggesting that Bank of America engaged in any inappropriate behavior during the litigation of the state court case. To the extent her IIED and NIED claims are based on Bank of America's actions leading up to the 2014 foreclosure, they are barred by Tennessee's three-year statute of limitations for "Actions for injuries to personal or real property." *See* Tenn. Code Ann. § 28-3-105(1); *see also Harris v. Regions Fin. Corp.*, No. E2017-00838-COA-R3-CV, 2018 WL 3578513, at *1, *3 (Tenn. Ct. App. July 25, 2018) (IIED and NIED claims are subject to three-year statute of limitations). Consequently, I also recommend that this claim be dismissed.

---

[5] Plaintiff's "Count 13" is a request for declaratory relief and not a separate substantive claim [Doc. 12 at Page ID # 52].

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[6] that (1) Paris Mundy be **TERMINATED** as a party to this lawsuit; (2) Plaintiff's IFP application [Doc. 2] be **GRANTED**; and (3) Plaintiff's amended complaint [Doc. 12] be **DISMISSED** in its entirety, and this case closed.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[6] Any objections to this report and recommendation must be served and filed within fourteen days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).